In re GRAND JURY PROCEEDINGS.

UNITED STATES of America, Appellee,

v.

Patrick Stanley MARSHALL, Appellant.

No. 76–1613.

United States Court of Appeals,
Fifth Circuit.

May 17, 1976.

Rehearing and Rehearing En Banc
Denied June 28, 1976.

Richard T. Simmons, Jr., Asst. Federal Public Defender, John P. Volz, Fed. Public Defender, Robert Glass, New Orleans, La., for appellant.

Gerald J. Gallinghouse, U. S. Atty., Albert J. Winters, Jr., Asst. U. S. Atty., New Orleans, La., for appellee.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

PER CURIAM:

Patrick Stanley Marshall appeals a finding of civil contempt and ensuing incarceration for failure to obey a court order to testify before the grand jury for the Eastern District of Louisiana. Marshall contends that the civil contempt sentence improperly suspended the running of a previous Federal Youth Corrections Act sentence and violated his Fifth Amendment guarantee against double jeopardy.

In his May 5, 1975, trial before the United States District Court for the Eastern District of Louisiana Patrick Stanley Marshall entered a plea of guilty to a one count information which charged him with distribution of LSD. He was sentenced under the provisions of the Federal Youth Corrections Act, 18 U.S.C.A. § 5010(b), no appeal was taken, and he began serving his sentence in Milan, Michigan. Prior to entering his guilty plea the Assistant United States Attorney suggested that if Marshall provided information to the Government about the source of the LSD, his cooperation would be made known to the sentencing judge. Marshall refused to cooperate.

On February 24, 1976, Marshall appeared before a grand jury in the Eastern District of Louisiana, and although clothed with a grant of immunity, he refused to answer questions concerning the source of the LSD. The Government moved for civil contempt under 28 U.S.C.A. § 1826(a). At a hearing on this motion, Marshall testified that he had previously refused to cooperate in connection with the criminal action against him because he feared that word of his cooperation would travel the grapevine to the Milan institution and would result in physical harm to him. After determining that further efforts to elicit Marshall's testimony would be unavailing, the trial court found him in contempt and sentenced him to the custody of the United States Marshal until he would obey the court's order to testify or until termination of the term of the grand jury. Under the court's order confinement for the contempt violation was to be in an institution other than the one in Milan. The court further directed that confinement under this order was not to be credited to reduce the time which Marshall would be required to serve under his criminal conviction.

Marshall argues that a civil contempt sentence cannot suspend the running of a Federal Youth Corrections Act sentence. Appellant's argument is based on a literal reading of the Act, which provides that a youth committed to a corrections institution

shall be released conditionally under supervision on or before the expiration of four years from the date of his conviction and shall be discharged unconditionally on or before six years from the date of his conviction.

18 U.S.C.A. § 5017(c). The Youth Corrections Act, it is further argued, was conceived in a purpose contrary to coercion of testimony, *i. e.*, the protection and rehabilitation of juveniles, and therefore imposition of imprisonment for contempt is in derogation of congressional policy.

We are persuaded, however, that incarceration which arises from contempt need not be credited toward the time to be served under the Youth Corrections Act conviction for two reasons. First, during the time the contemnor is in jail for contempt the rehabilitative ends of his Youth Corrections Act conviction may be interrupted. *Cf. Suggs v. Daggett*, 522 F.2d 396 (10th Cir. 1975) (escape time not credited towards Youth Corrections Act time period because rehabilitative treatment interrupted). Second, to allow credit would wholly frustrate the clearly articulated congressional goal of coercing a witness to testify. To credit time in prison for contempt toward a preexisting sentence would altogether vitiate the intended coercive incen-

tive to testify. *See United States v. Liddy,* 166 U.S.App.D.C. 289, 510 F.2d 669 (1974), *cert. denied,* 420 U.S. 980, 95 S.Ct. 1408, 43 L.Ed.2d 661 (1975); *Anglin v. Johnston,* 504 F.2d 1165 (7th Cir. 1974), *cert. denied,* 420 U.S. 962, 95 S.Ct. 1353, 43 L.Ed.2d 440 (1975).

■ Appellant next argues that his Fifth Amendment guarantee against double jeopardy was violated by the contempt sentence which, he asserts, punished him a second time for the same refusal to cooperate by disclosing the source of his LSD. Marshall was not punished for failure to give the desired information after his conviction. During the criminal proceedings Marshall refused to cooperate. He therefore simply did not obtain a benefit. Later before the grand jury he affirmatively violated a court order, which constitutes a separate and distinct act.

For these reasons the judgment of the district court is

AFFIRMED.