## In re GRAND JURY PROCEEDINGS.

### UNITED STATES of America, Plaintiff-Appellee,

v.

### Richard SHOCKER, Defendant-Appellant.

No. 76–3195
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 12, 1976.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir. 1970, 431 F.2d 409. Part I.

tion with a grand jury investigation. A careful examination of his several complaints—the major burden of which is that he was justified in refusing to provide the exemplars since they were sought for harassment, could have been obtained elsewhere, etc.—establishes that, with one exception, they are meritless. The order of commitment fails to recite that it is subject to the limitation, among others, of the life of the term of the grand jury, including extensions, before which his refusal to comply with the court order occurred. 28 U.S.C. § 1826 (1970). It should have so recited, for it is so limited. The order is modified to incorporate this additional limitation. Should the term of the subject grand jury already have expired, Shocker shall receive credit on the service of his unrelated criminal sentence, which was interrupted by his contempt incarceration, for any days served by him after the expiration of that term. As modified, the order below is

AFFIRMED.

Edward T. M. Garland, Cliffe Lane Gort, Atlanta, Ga., for defendant-appellant.

John W. Stokes, U. S. Atty., James E. Fagan, Jr., Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

Richard Shocker appeals his adjudication of civil contempt for refusing to furnish handwriting exemplars in connec-