UNITED STATES of America, Appellees,

v.

**Donald DIEN, Appellant.**

**No. 1071, Docket 79–1135.**

United States Court of Appeals,
Second Circuit.

Argued April 30, 1979.
Decided May 2, 1979.

Martin Flumenbaum, Asst. U. S. Atty., New York City (Robert B. Fiske, Jr., U. S. Atty. for the Southern District of New York, David C. Patterson, Asst. U. S. Atty., New York City, of counsel), for appellees.

Richard N. Runes, New York City (Straniere, Fagin, McKenna, Runes & Nachison, New York City, of counsel), for appellant.

Before LUMBARD, FRIENDLY and MULLIGAN, Circuit Judges.

PER CURIAM:

On March 12, 1979 Donald Dien was held in civil contempt by the Hon. Richard Owen, United States District Court Judge for the Southern District of New York, for refusing to answer questions before a. Federal Grand Jury sitting in that District. The order further provided that Dien be confined until such time as he is willing to testify or until the expiration of the term of the Grand Jury but in no event for longer than eighteen months. See 28 U.S.C. § 1826(a). The order also stayed the running of Dien's prior federal criminal sentence during the period of his confinement. On March 30, 1979 Judge Owen in a memorandum and order refused to disturb his prior order. This appeal followed.

On December 27, 1978 Dien was sentenced in the Southern District to a term of three years' imprisonment and two years' special parole after a plea of guilty to one count of an indictment charging him with possession with intent to distribute some 158 pounds of marijuana in violation of 21 U.S.C. §§ 812, 841(a)(2) and 841(b)(1)(A). On March 9, 1979 Dien was sworn as a witness before a Grand Jury in the Southern District which was inquiring into conspiracies involving possible violations of federal narcotics laws. He refused to answer any questions until the Government responded to his question whether any evidence had been obtained by illegal means. On that date the Government obtained an immunity order from the Hon. Leonard B. Sand pursuant to 18 U.S.C. §§ 6002 and 6003. Judge Sand further denied Dien's application that the Government respond to the question of illegally obtained evidence. The Grand Jury proceeding was adjourned at Dien's request to March 12, 1979 (a prior request had postponed a March 5 proceeding to March 12). The civil contempt order followed.

I

Dien's principal argument on appeal is that when the district court confined him for civil contempt it lacked the power to stay the running of his prior federal sentence for the period of his confinement for civil contempt. Section 1826(a) expressly authorizes the district court to confine a recalcitrant witness. Although the statute says nothing as to the effect of this confinement upon the service of a prior criminal sentence, a concurrent service of both terms would obviously frustrate the purpose of the statute and provide no motivation for the cooperation of the witness. Although no case in this circuit has held that a district court has the power to stay the prior federal criminal sentence, there is ample authority, including decisions by seven other circuit courts, supporting a finding of

such power in the district court.[1] Indeed, no circuit which has addressed the issue has held otherwise.

In *In re Liberatore*, 574 F.2d 78 (2d Cir. 1978) this court did hold that a district court did not have the authority to stay the running of a prior *state* sentence. However, we there noted that six courts of appeals at that time had sanctioned the interruption of a prior *federal* criminal sentence during the time the contemnor was incarcerated for civil contempt. Id. at 84. The court also noted that applying such a rule in the context of a state conviction would constitute "tampering with a valid final judgment of a court of a different sovereignty." Id. at 85. Hence, the case turned on elements of comity, id. at 87–88, which are not present here.

## II

■ Dien further argues that his refusal to cooperate with the Government is based on his fear of reprisal against himself and his family and claims that punishment for civil contempt will not change this posture. Hence, he concludes that his incarceration for contempt is punitive rather than coercive. Such an argument if sustained would only benefit those who persistently refuse to cooperate despite immunity orders and in effect would emasculate section 1826. *In re*

*Grand Jury Proceedings (United States v. Marshall)*, 532 F.2d 410, 412 (5th Cir.), cert. denied, 429 U.S. 924, 97 S.Ct. 324, 50 L.Ed.2d 292 (1976). Whether Dien will change his mind depends upon future events which we cannot at this time predetermine.[2]

■ Appellant's assertion that the civil contempt sentence constitutes double jeopardy is without merit. His refusal now to testify before the Grand Jury is an act separate and distinct from the prior conviction for narcotics upon which his prior federal sentence is based. Id. at 412. Similarly, the argument that Dien's civil contempt sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment is unpersuasive. As the Supreme Court has held, an incarceration resulting from civil contempt is " 'essentially a civil remedy designed for the benefit of other parties and . . . exercised for centuries to secure compliance with judicial decrees.' " *Uphaus v. Wyman*, 360 U.S. 72, 81, 79 S.Ct. 1040, 1047, 3 L.Ed.2d 1090 (1959). Hence, the Court has taken the position that the Eighth Amendment is inapplicable to such a sentence. *Ingraham v. Wright*, 430 U.S. 651, 667–68, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977).

■ Finally, Dien urges that he was improperly held in contempt since the Govern-

1. *In re Garmon*, 572 F.2d 1373 (9th Cir. 1978); *Bruno v. Greenlee*, 569 F.2d 775 (3d Cir. 1978); *In re Grand Jury Investigation (Appeal of Hartzell)*, 542 F.2d 166 (3d Cir. 1976), cert. denied, 429 U.S. 1047, 97 S.Ct. 755, 50 L.Ed.2d 762 (1977); *In re Grand Jury Proceedings (United States v. Marshall)*, 532 F.2d 410 (5th Cir.), cert. denied, 429 U.S. 924, 97 S.Ct. 324, 50 L.Ed.2d 292 (1976); *Martin v. United States*, 517 F.2d 906 (8th Cir.), cert. denied, 423 U.S. 856, 96 S.Ct. 105, 46 L.Ed.2d 81 (1975); *Williamson v. Saxbe*, 513 F.2d 1309 (6th Cir. 1975); *United States v. Liddy*, 166 U.S.App.D.C. 289, 510 F.2d 669 (1974), cert. denied, 420 U.S. 980, 95 S.Ct. 1408, 43 L.Ed.2d 661 (1975); *Anglin v. Johnston*, 504 F.2d 1165 (7th Cir. 1974), cert. denied, 420 U.S. 962, 95 S.Ct. 1353, 43 L.Ed.2d 440 (1975). See also *United States v. Wilson*, 421 U.S. 309, 321 n.2, 95 S.Ct. 1802, 44 L.Ed.2d 186 (1975) (Blackmun and Rehnquist, JJ., concurring); *In re Grand Jury Proceedings (United States v. Shocker)*, 541 F.2d 464 (5th Cir. 1976).

2. Dien argues that interrupting his criminal sentence in order to confine him for civil contempt would constitute an additional punishment since he received a longer sentence than two co-defendants and this may reflect his refusal to cooperate. The argument proves too much. By the same analysis it would be impossible to give Dien a sentence for criminal contempt commencing at the termination of his drug offense sentence. There has been no additional punishment here. The December 27, 1978 sentence was appropriate for Dien's drug offense and his confinement for civil contempt is for his contemptuous conduct in March 1979. It is immaterial that he might have received a lesser sentence for his drug offense if he had agreed to cooperate. See *In re Grand Jury Proceedings (United States v. Marshall)*, supra, 532 F.2d at 412.

ment failed to respond to his query whether the questions asked of him before the Grand Jury were derived from illegal surveillance. However, no factual support of any kind was presented either to Judge Sand or to Judge Owen as a basis for the allegations made. In the absence of any substantial support for the claim of illegality, the assertion must be deemed a frivolous one which triggered no obligation under 18 U.S.C. § 3504 necessitating a response by the Government or a delay in the proceedings of the Grand Jury. *In re Millow*, 529 F.2d 770, 774 (2d Cir. 1975).

The order of the District Court is affirmed.