**In re Michael McCLANAHAN, a Witness before the August 16, 1979 Additional Grand Jury.**

**No. 571, Docket 79–1402.**

United States Court of Appeals, Second Circuit.

Argued Nov. 21, 1979.

Decided Nov. 30, 1979.

Phylis Skloot Bamberger, New York City (The Legal Aid Society, Federal Defender Services Unit, of counsel), for appellant.

George T. Manning, Asst. U. S. Atty., New York City (Robert B. Fiske, Jr., U. S. Atty. for the Southern District of New York, Howard W. Goldstein, Asst. U. S. Atty., New York City, of counsel), for appellee.

Before MULLIGAN, MESKILL and KEARSE, Circuit Judges.

MULLIGAN, Circuit Judge:

This is an appeal from an order entered on October 19, 1979 by the Honorable

Robert L. Carter, United States District Judge for the Southern District of New York, adjudging Michael McClanahan to be in civil contempt under the Recalcitrant Witness Statute, 28 U.S.C. § 1826(a), for refusing to testify before a federal grand jury after he was granted immunity pursuant to 18 U.S.C. §§ 6002, 6003. The order further directed that McClanahan be incarcerated until such time as he is willing to answer the questions of the grand jury, or until the expiration of the term of the grand jury, but in no event for a period longer than eighteen months. The order also stayed the running of McClanahan's prior federal criminal sentence under the Youth Corrections Act, 18 U.S.C. § 5010(b), (c), during the period of confinement for civil contempt.[1] Appellant argues that the district court's interruption of his Youth Corrections Act sentence for service of a civil contempt sentence was improper. His position is based upon a literal reading of language contained in the Youth Corrections Act which requires that a youth offender

> shall be released conditionally under supervision on or before the expiration of four years from the date of his conviction and shall be discharged unconditionally on or before six years from the date of his conviction.

18 U.S.C. § 5017(c). Appellant maintains that this language requires that the sentence imposed under the Youth Corrections Act be computed uninterruptedly from the date of judgment for all the time the youth is in custody or under parole supervision,

since he remains amenable to the rehabilitative purposes of the Youth Corrections Act during that period. We disagree.

While McClanahan is confined for contempt in disobeying a lawful court order, the rehabilitative purposes of the Youth Corrections Act are interrupted by appellant's own willful act. See *Sugges v. Daggett*, 522 F.2d 396 (10th Cir. 1975); *Frye v. Moran*, 302 F.Supp. 1291 (W.D.Tex.), aff'd, 417 F.2d 315 (5th Cir. 1969). To allow credit for the period of incarceration for civil contempt "would obviously frustrate the purpose of the [Recalcitrant Witness Statute, 28 U.S.C. § 1826(a)] and provide no motivation for the cooperation of the witness."[2] See *United States v. Dien*, 598 F.2d 743, 744 (2d Cir. 1979) (per curiam). Moreover, a concurrent service of both terms would not advance the rehabilitative purposes of the Youth Corrections Act in that McClanahan would effectively be allowed to violate a court order with impunity. In accord with our decision to deny credit here is *In re Grand Jury Proceedings*, 532 F.2d 410 (5th Cir.), cert. denied, 429 U.S. 924, 97 S.Ct. 324, 50 L.Ed.2d 292 (1976).

■ McClanahan also argues on this appeal that Judge Carter's contempt order should be vacated because neither appellant nor his attorney was present at the proceeding at which the Government sought an immunity order under 18 U.S.C. §§ 6002, 6003, and thus neither had the opportunity to determine whether the Department of Justice had complied with its own guidelines for granting immunity.[3] This claim is

---

1. This panel affirmed the order of the district court by an order dated November 21, 1979, since we were compelled to dispose of the appeal "as soon as practicable, but not later than thirty days from the filing of such appeal." 28 U.S.C. § 1826(b). This period expired on November 26, 1979. However, since the issue whether the district court properly interrupted appellant's Youth Corrections Act sentence during the period of confinement for civil contempt is a matter of first impression in this circuit, an opinion substantially incorporating the holding of our order is appropriate.

2. Appellant urges that even if the Youth Corrections Act and contempt sentences ran concurrently, he would still be subject to delayed parole, a disadvantage which would provide sufficient incentive for him to testify before the grand jury. However, denial of early parole is, in our view, a possibility too remote and speculative to constitute a sufficient coercion to testify.

3. These guidelines are contained in a letter sent to Congressman Emanuel Celler by then Deputy Attorney General Richard G. Kleindienst on November 30, 1971.

meritless. There is no dispute here about the fact that the Government followed the statutory procedure for obtaining an immunity order under 18 U.S.C. § 6003. The United States Attorney's immunity application stated that the testimony sought is necessary to the public interest and that McClanahan had previously asserted his privilege against self-incrimination and refused to testify before the grand jury. Further, attached to the application was Assistant Attorney General Philip B. Heymann's letter authorizing the Government's request. The legislative history of 18 U.S.C. §§ 6002, 6003 makes it clear that the district court's role in reviewing the Government's request for immunity is "merely to find the facts on which the order is predicated." H.R.Rep.No.91–1549, 91st Cong., 2d Sess., reprinted in 2, 1970 U.S. Code Cong. & Admin.News pp. 4007, 4018; see In re Tierney, 465 F.2d 806, 813 (5th Cir. 1972), cert. denied, 410 U.S. 914, 93 S.Ct. 959, 35 L.Ed.2d 276 (1973); In re Cardassi, 351 F.Supp. 1080, 1081 n.1 (D.Conn.1972); In re Grusse, 402 F.Supp. 1232, 1236–37 (D.Conn.), aff'd, 515 F.2d 157 (2d Cir. 1975). In any event, McClanahan has only presented speculation before Judge Carter that the Government might not have complied with its internal guidelines.

Affirmed.