**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Louis PACELLA, Defendant-Appellant.**

**No. 1148, Docket 80–1122.**

United States Court of Appeals,
Second Circuit.

Argued April 16, 1980.
Decided May 20, 1980.

Barry Ivan Slotnick, New York City, for defendant-appellant.

Nathaniel H. Akerman, Asst. U. S. Atty., William M. Tendy, U. S. Atty., S. D. N. Y., Howard W. Goldstein, Asst. U. S. Atty., New York City, for plaintiff-appellee.

Before LUMBARD, MULLIGAN, Circuit Judges, and SPEARS,* District Judge.

* Honorable Adrian A. Spears, District Judge for the Western District of Texas, sitting by designation.

1. The application for use immunity for Pacella was supported by the affidavit of government counsel, and was made with the approval of

SPEARS, District Judge:

This is an appeal from a judgment of civil contempt entered by the District Court for the Southern District of New York. Although granted use immunity, the appellant refused to answer a question directed to him by a federal grand jury, contending that he was not adequately protected by the immunity order.

At the time he was summoned to appear before the grand jury, the appellant was in federal custody, having been convicted on his plea of guilty to a charge of income tax evasion, as a result of which he had been fined $5,000 and was serving a sentence of two years in prison.

Prior to his appearance before the grand jury, appellant moved to quash the subpoena on the ground that it was issued for a vindictive purpose. In addition, he sought both to nullify the standing order of immunity, because it was granted *ex parte*, and to have representations made as to whether unlawful electronic surveillance was used to obtain information about him. The Assistant United States Attorney denied that unlawful electronic surveillance was used, and presented evidence, *in camera*, that no unlawful surveillance took place. The motion to quash the grand jury subpoena was denied by Judge Morris E. Lasker.

The following day, the appellant appeared before the grand jury where he was asked a single question, which he refused to answer, asserting that the immunity order did not protect him. The parties and the grand jury then appeared before Judge John M. Cannella, where the Assistant United States Attorney requested that the Court instruct the appellant to answer the question put to him by the grand jury. The appellant, in opposing the government's request, again challenged the immunity order.[1] Judge Cannella, however, declined to

the Assistant Attorney General of the United States and the United States Attorney for the Southern District of New York. The applica-

hear the renewed attack, and granted the government's request that appellant be instructed to answer the question. Appellant's attorney excepted to the procedure being followed in the courtroom, and suggested that it would be more appropriate to return to the grand jury room after the appellant had been directed to answer.

Before instructing appellant to answer, the Court had the forelady of the grand jury repeat the question that had been asked in the grand jury room. When the appellant again refused to answer, the Court explained to him his obligation to testify under the immunity order, and directed him to answer the question. The appellant, through his attorney, again refused, setting forth the reasons previously given. The Court then granted the government's motion that appellant be found in civil contempt, pursuant to 28 U.S.C. § 1826(a),[2] and stayed the running of his prior two year prison sentence until such time as he testified, or the term of the grand jury expired, whichever occurred first.[3]

This judgment of civil contempt, dated March 21, 1980, forms the basis of this expedited appeal.[4] The appellant argues that the judgment cannot stand because: (1) the district court erred in denying the motion to quash the grand jury subpoena; (2) the in camera and ex parte denial of any unlawful electronic surveillance deprived him of his Fourth Amendment rights; and (3) the ex parte grant of immunity resulted in a denial of his right to due process. Although not listed as a separate ground for reversal, appellant also complains of the district court's requirement that he answer the question before the Court. Finding that all of appellant's contentions are without merit, we affirm.

## I.

### Grand Jury Abuse

■ In support of his claim that the motion to quash should have been granted, the appellant argues that the government sought the sanctions of civil contempt in order to increase and prolong the term of imprisonment imposed in appellant's tax evasion case. The appellant has failed to offer a single fact to support this contention, and in view of the government's application for a grant of use immunity, it can hardly be said that the government was seeking to exact more punishment than that imposed in appellant's tax case. The appellant's argument on this point amounts to nothing more than sheer speculation and unfounded accusations of prosecutorial misconduct—hardly enough to warrant reversal.

tion recited the fact that Pacella had stated through his attorney that he would refuse to testify on the basis of his privilege against self incrimination, and that in the judgment of the United States Attorney, the testimony may be necessary to the public interest.

2. 28 U.S.C. § 1826(a) provides in pertinent part: Whenever a witness in any proceeding before or ancillary to any court or grand jury of the United States refuses without just cause shown to comply with an order of the court to testify . . . the court, upon such refusal, or when such refusal is duly brought to its attention, may summarily order his confinement at a suitable place until such time as the witness is willing to give such testimony or provide such information. No period of confinement shall exceed the life of—
  (1) the court proceeding, or
  (2) the term of the grand jury, including extensions, before which such refusal to

comply with the court order occurred, but in no event shall such confinement exceed eighteen months.

3. As this Court has noted, "a concurrent service of both terms would obviously frustrate the purpose of [28 U.S.C. § 1826(a)] and provide no motivation for the cooperation of the witness." United States v. Dien, 598 F.2d 743, 744 (2d Cir. 1979).

4. Under 28 U.S.C. § 1826(b), an appeal from an order of confinement must be disposed of as soon as practicable, but not later than thirty days from the filing of such appeal. The appeal in this case was filed on March 26, 1980, and the Court, cognizant of its responsibility under § 1826(b), entered an order on April 25, 1980 affirming the order of civil contempt with the notation that this opinion would follow.

## II.

### Unlawful Electronic Surveillance

■ The appellant argues that under 18 U.S.C. § 3504(a)(1),[5] he was entitled to a full adversary hearing on his claim that the question asked by the grand jury was the product of unlawful electronic surveillance.[6] This Court squarely rejected such a contention in *In re Millow*, 529 F.2d 770 (2d Cir. 1976), wherein it was held that "(t)he government's submission of a court order authorizing electronic surveillance and (the district judge's) determination of the validity of that order precludes (appellant) from further litigating in a contempt proceeding the legality of that surveillance." 529 F.2d at 773. It is true that under 18 U.S.C. § 2515, a grand jury witness has the right to object to questions and resist a contempt citation on the grounds of unlawful electronic surveillance, and that under 18 U.S.C. § 3504 a witness could require the government to "affirm or deny" the presence of unlawful surveillance upon his claim that the questions asked were the product of such unlawful surveillance. *Gelbard v. United States*, 408 U.S. 41, 92 S.Ct. 2357, 33 L.Ed.2d 179 (1972). However, this Court has consistently held that "(a)lthough the claim need not be particularized, [citation omitted] it may not be based upon mere suspicion but must at least appear to have a 'colorable' basis before it may function to trigger the government's obligation to respond under § 3504." *United States v. Yanagita*, 552 F.2d 940, 943 (2d Cir. 1977); *In re Millow*, 529 F.2d 770 (2d Cir. 1976). The contentions by appellant in this case do not amount to a "colorable" claim which would operate to require the government to affirm or deny the existence of unlawful electronic surveillance.

■ This Court in *Millow, supra*, at 773, also recognized that a refusal to testify under 18 U.S.C. § 2515 is permissible only where the government has admitted its illegal conduct, or failed to produce a court order authorizing the challenged surveillance. Here the Assistant United States Attorney denied the presence of unlawful electronic surveillance, and presented evidence to the district court, *in camera*, demonstrating that the electronic surveillance was authorized by court order. Since the district judge conducted an *in camera* inspection of the court orders to determine if they complied with the applicable statutes, appellant "received all he was entitled to receive." *In re Persico*, 491 F.2d 1156, 1162 (2d Cir.), *cert. denied*, 419 U.S. 924, 95 S.Ct. 199, 42 L.Ed.2d 158 (1974).

## III.

### Ex Parte Grant of Immunity

■ The contention is made that appellant was denied due process because the immunity order was issued without notice or an opportunity for him to be heard. The appellant insists that the government should be required to provide in its application for an immunity order a delineation, not only of the subject matter to which the immunity applies, but also an outline of the specific questions which will be asked of the

5. Section 3504 provides in pertinent part:

(a) In any trial, hearing, or other proceeding in or before any . . . grand jury . .

(1) upon a claim by a party aggrieved that evidence is inadmissible because it is the primary product of an unlawful act or because it was obtained by the exploitation of an unlawful act, the opponent of the claim shall affirm or deny the occurrence of the alleged unlawful act . . .

(b) As used in this section "unlawful act" means any act the use of any electronic, mechanical, or other device . . . in violation of the Constitution or laws of the United States . . . .

6. Although the appellant argues that the denial of unlawful electronic surveillance in an *in camera* and *ex parte* proceeding was a violation of his Fourth Amendment rights, it is clear that his claim to an adversary hearing can only be based on federal statute. This is true because the Supreme Court has specifically held that a witness may not refuse to answer questions before the grand jury on the ground that they are the product of a Fourth Amendment violation. *United States v. Calandra*, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974). *See also United States v. Morales*, 566 F.2d 402, 406 n.7 (2d Cir. 1977).

witness in the grand jury room. The short answer to this argument is that the appellant was not entitled to notice and hearing before the court granted the government's application for immunity. *In re McClanahan*, 612 F.2d 642 (2d Cir. 1979); *Ryan v. C. I. R.*, 568 F.2d 531, 539 (7th Cir. 1977), *cert. denied*, 439 U.S. 820, 99 S.Ct. 84, 58 L.Ed.2d 111 (1978); *United States v. Leyva*, 513 F.2d 774, 776 (5th Cir. 1975). As in *McClanahan*, there is no dispute about the fact that the government followed the statutory procedure for obtaining an order of immunity in this case.

## IV.

### The Contempt Proceedings

The letter authorizing the United States Attorney to apply for an order granting immunity to the appellant covered testimony or information not only before the grand jury, but also "in any further proceedings resulting therefrom or ancillary thereto." Similar language is found in 18 U.S.C. §§ 6002 and 6003, as well as in 28 U.S.C. § 1826(a). Nevertheless, appellant complains that his Fifth Amendment protection under the grant of immunity could extend only to matters occurring in the presence of the grand jury.

Government counsel insists that appellant was not held in contempt for his refusal to answer questions in open court, but, rather, for his refusal to answer questions put to him before the grand jury, after having had the grant of immunity clearly explained to him. It is pointed out that the appellant twice refused to answer the question asked of him in the grand jury, and refused a third time when the same question was asked him by the forelady of the grand jury in open court.

Under the circumstances, it is difficult to see why the grant of use immunity would not have covered the answer to the question asked, whether it was given before the grand jury or in open court. But, certainly, appellant could not have been prejudiced by the proceedings in court, because he exhibited no willingness to answer in the grand jury room or the courtroom. On the contrary, in addition to his repeated refusals to answer, both before the grand jury and in court, his attorney stated in open court on at least four occasions that appellant would not testify under any conditions, including a grant of immunity. See *In re Di Bella*, 518 F.2d 955 (2d Cir. 1975).

The judgment is affirmed.