**UNITED STATES of America, Appellee,**

v.

**Manuel Anselmo CHACON, Appellant.**

**No. 81–1957.**

United States Court of Appeals, Fourth Circuit.

Submitted Oct. 9, 1981.

Decided Oct. 13, 1981.

Donald I. Bierman, Benedict P. Kuehne, Bierman, Sonnett, Beiley & Shohat P. A., Miami, Fla., on brief for appellant.

Henry Dargan McMaster, U. S. Atty., Columbia, S. C., Lionel S. Lofton, Asst. U. S. Atty., Charleston, S. C., on brief for appellee.

Before BUTZNER, WIDENER, and PHILLIPS, Circuit Judges.

PER CURIAM:

Manuel Anselmo Chacon appeals from an order of the district court holding him in contempt for refusing to answer questions before a grand jury. We affirm.

---

On April 27, 1981, Chacon entered a plea of guilty to a federal narcotics-related charge. He was sentenced to a five year prison term and fined $15,000. After commencement of his sentence, he was summoned to appear before a federal grand jury. Upon motion of the government, the district court ordered Chacon to testify and granted him immunity pursuant to 18 U.S.C. § 6001 *et seq.* Notwithstanding this grant of immunity, Chacon refused to testify before the grand jury concerning his knowledge of other persons involved in drug smuggling within the state. Following a hearing, the district court cited Chacon for contempt of court pursuant to 28 U.S.C. § 1826.

The district court's order provided that Chacon should be immediately committed and receive no credit towards his criminal sentence for time served under the civil contempt sentence. Chacon challenges this aspect of the order.

Chacon argues that 18 U.S.C. § 3568 deprived the district court of the power to stay the running of his prior sentence. Section 3568 provides as follows:

> The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed....
> No sentence shall prescribe any other method of computing the term.

Courts of Appeal presented with the argument pressed by Chacon have unanimously rejected it. *See, e. g., In re Application of the United States Senate Permanent Subcommittee on Investigations*, 655 F.2d 1232 at 1239 (D.C.Cir.1981); *United States v. Dien*, 598 F.2d 743, 744–45 (2d Cir. 1979). These courts have concluded that the plain language of the statute does not compel the construction urged by Chacon. Moreover, the legislative history of § 3568 indicates that Congress did not intend to impose a rigid method of sentence calculation, beyond establishing a firm date of sentence commencement. *See, United States v. Liddy*, 510 F.2d 669, 674 (D.C.Cir.1974).

The nature of the civil contempt sentence also suggests that § 3568 does not foreclose the action taken by the district court. The primary purpose of civil contempt is to coerce compliance with court orders. If confinement were to be concurrent with a prisoner's sentence for other crimes, its coercive purpose would not be served.

The Clerk is directed to issue the mandate forthwith.

AFFIRMED.