Michael BOLINO, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 82 CV 3289 (ERN).

United States District Court, E.D. New York.

Feb. 15, 1983.

---

Michael Bolino, petitioner pro se.

Raymond J. Dearie, U.S. Atty., E.D.N.Y., by Douglas E. Grover, Sp. Atty., Dept. of Justice Organized Crime Strike Force, E.D. N.Y., Brooklyn, N.Y., for respondent.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

Petitioner *pro se* is currently serving a five year sentence imposed for his 1980 conviction of four counts of making extortionate extensions of credit, 18 U.S.C. § 892, and collecting credit by extortionate means, 18 U.S.C. § 894. Petitioner originally had a presumptive parole date of August 20, 1982. From May 18, 1982, to December 11, 1982, however, petitioner was held in custody for civil contempt of Grand Jury proceedings, and the running of his criminal sentence was held in abeyance. Petitioner's presumptive parole date was accordingly retarded to March 16, 1983. Seeking immediate release, petitioner filed this motion pursuant to 28 U.S.C. § 2255 to reduce the 208-day detention he served for civil contempt. For the reasons stated below, the motion is denied.

A Special Grand Jury was convened on December 11, 1978, to investigate certain organized crime activities. Petitioner, already in federal custody, was brought before the Grand Jury on August 13, 1980. After he repeatedly invoked his fifth amendment right not to give self-incriminating testimony, the government stated on the record that it would seek immunity for petitioner and an order to compel petitioner's testimony.

The government obtained immunity for petitioner under 18 U.S.C. § 6002, and on May 12, 1981, again brought him before the Grand Jury pursuant to a writ of habeas corpus ad testificandum. Claiming to be too ill, petitioner refused to testify. Petitioner was then brought before this Court. Although further proceedings were delayed in deference to petitioner's health problems, he was ordered to return to the Grand Jury in six days and to testify.

On May 18, 1981, petitioner was brought before the Grand Jury for a third time. He first refused even to enter the room, and after physically appearing, he failed to respond to any questions. This Court found him to be in civil contempt of its order to give testimony to the Grand Jury. Pursuant to 28 U.S.C. § 1826, petitioner was committed to custody until he purged himself of the contempt, or for the life of the Grand Jury, including extensions, but in any case for a period not to exceed 18 months. The sentence he had been serving on extortion charges was ordered suspended for the duration of his civil confinement.

The Grand Jury's term, extended once on June 11, 1981, expired on December 11, 1981, without the petitioner seeking either to appeal the civil contempt order or to purge the contempt by offering testimony. On that date, petitioner was remanded to the custody of the Federal Bureau of Prisons to recommence serving his criminal sentence.

Petitioner now seeks an order declaring that the length of his civil contempt confinement was excessive. Essentially, he contends that any one of three events eviscerated the value of his testimony, and thus

nullified his ability to purge the contempt. First, he argues that his testimony was sought solely to investigate the activities of John Russo, who was indicted on May 27, 1981. Second, he notes that Russo was convicted in August of 1981. Finally, he claims that the Grand Jury was discharged on June 11, 1981, and re-empanelled on June 12, 1981, and that it never again addressed Russo's activities.

■ Custodial confinement based upon civil contempt can be justified only for coercive, and not punitive, purposes. A contumacious witness can obtain freedom at any time through compliance with the court order, and thus he "holds the keys of [his] prison in [his] own pocket." *In re Nevitt,* 117 F. 448, 461 (8th Cir.1902). Conversely, if compliance becomes impossible, no coercive purpose can be served and the contemnor must be released. *Shillitani v. United States,* 384 U.S. 364, 371, 86 S.Ct. 1531, 1536, 16 L.Ed.2d 622 (1966).

■ Petitioner has not sufficiently demonstrated, however, that he could not have purged his contempt at any time during his confinement. The Grand Jury continued its investigation for many months after petitioner refused to testify, and he may well have had knowledge of criminal activities that would have been useful to that investigation. The Grand Jury had the right to pursue the investigatory path of its choice, and in particular to hear this witness' testimony.

■ Petitioner's civil contempt confinement was continuously based on the desire to obtain his testimony, a valid coercive purpose. No argument is made, nor could one be made, that his criminal sentence was improperly suspended during his confinement for contempt. *See, e.g., United States v. Dien,* 598 F.2d 743, 744–45 (2d Cir.1979). A recalcitrant witness bears the burden of demonstrating impossibility of compliance with the Court order. *See, e.g., N.L.R.B. v. Trans Ocean Export Packing, Inc.,* 473 F.2d 612, 618 (9th Cir.1973). At no time during his confinement did petitioner seek his freedom by coming forward with the assertion that his testimony was no longer of value to the proceedings.

The Grand Jury sat until December 11, 1981, and from May 18, 1981, petitioner persisted in his contempt of an order to testify before it. When this Court issued its May 18, 1981 order, it was aware that the government anticipated at least one six-month extension to follow the original June 11, 1981 deadline, and therefore properly provided that petitioner's confinement could continue for the duration of the Grand Jury term, including extensions. No reason exists now to shorten retroactively the 208 days he was confined for his contempt. The motion is therefore denied.

SO ORDERED.