**In re GRAND JURY PROCEEDINGS.**

**Misc. No. 13395.**

United States District Court,
W.D. Pennsylvania.

April 20, 1988.

Joel Johnston, Federal Public Defender, Pittsburgh, Pa., for petitioner.

Charles D. Sheehy, Asst. U.S. Atty., Pittsburgh, Pa., for U.S.

## MEMORANDUM OPINION

COHILL, Chief Judge.

Presently before us is a Motion to Modify Previous Order of Court. Petitioner was found in contempt by this Court on September 30, 1986. Our contempt finding was made pursuant to 28 U.S.C. § 1826(a), and was based on petitioner's refusal to answer questions propounded to him before a grand jury, after he had been given immunity and thereby ordered to testify. Section 1826(a) provides:

(a) Whenever a witness in any proceeding before or ancillary to any court or grand jury of the United States refuses without just cause shown to comply with an order of the court to testify or provide other information, including any book, paper, document, record, recording or other material, the court upon such refusal, or when such refusal is duly brought to its attention, may summarily order his confinement at a suitable place until such time as the witness is willing to give such testimony or provide such information. No period of such confinement shall exceed the life of—

(1) the court proceeding, or

(2) the term of the grand jury, including extensions,

before which such refusal to comply with the court order occurred, but in no event shall such confinement exceed eighteen months.

■ We accordingly committed petitioner to federal custody and ordered that such confinement stay his service of a state sentence previously imposed by the Court of Common Pleas of Allegheny County, Pennsylvania. Petitioner argues now that this interruption of his state sentence is improper. The United States of America, would have us deny the motion, contending that we had authority to issue our order of confinement. For the reasons provided below, we will deny the motion.

In support of his argument, petitioner directs our attention to *In re Liberatore*, 574 F.2d 78, 84–90 (2d Cir.1978), wherein the United States Court of Appeals for the Second Circuit held that a federal district court has no explicit authority under § 1826(a) to order the interruption of a state sentence and lacks the inherent authority to issue such an order as principles of comity militate against it.

We disagree. The United States Court of Appeals for the Third Circuit, in *In re Grand Jury Investigation*, 542 F.2d 166, 168–69 (3d Cir.1976), *cert. denied*, 429 U.S. 1047, 97 S.Ct. 755, 50 L.Ed.2d 762 (1977), has held that § 1826(a) *does* provide a federal district court with such authority. The court reasoned that without such authorization "the coercion of § 1826 would be useless against prisoners" and also that the "law-and-order spirit which motivated Congress to enact § 1826 would be inconsistent with an intention that it provide a remedy useless against prisoners." 542 F.2d at 169.

Admittedly, *In re Grand Jury Investigation* deals with the interruption of a federal, not state, sentence by an order of confinement for civil contempt. However, we find no basis to distinguish its ultimate holding in the context of the interruption of a state sentence. We believe that absent concerns for comity no problem exists with our authority to interrupt a state sentence through imposition of a federal sentence for civil contempt. Indeed, the United

States Court of Appeals for the Second Circuit has recognized, subsequent to its decision in *In re Liberatore*, that § 1826(a) does provide a federal district court with authority to interrupt a previously imposed sentence. *United States v. Dien*, 598 F.2d 743 (2d Cir.1979). *In re Liberatore* was distinguished on the grounds that it "turned on elements of comity." 598 F.2d at 745. And to the extent principles of comity are thus the critical inquiry, we find that they have no application in this case.

■ Beyond the fact that petitioner may lack standing to challenge our order suspending his state sentence on grounds of comity, *Bowman v. Wilson*, 672 F.2d 1145, 1154 (3d Cir.1982), we believe that principles of comity are not a concern where the state detention involved is related to punishment rather than prosecution. Our review of the cases discussing the common law principles of comity reveals an underlying concern for the conflicts that might arise where a federal district court attempts to enjoin or interrupt an ongoing state criminal *prosecution*. The Court of Appeals for the Third Circuit has described the rule of comity as one which allocates "priority of prosecution to the sovereignty which first takes custody of a person." *Bowman v. Wilson*, 672 F.2d at 1153. The court explained that "the issue of which of two authorities or sovereigns may *detain and first proceed to prosecute* an individual has significance for the coordination of criminal law at the interface of federal and state systems...." *Id.* at 1153 (emphasis added).

In the instant case, though, the state custody of petitioner for purposes of prosecution has ended; at the time of our confinement order, the state's custody of petitioner was instead related to punishment. Consequently, we do not believe that comity's underlying concerns for jurisdictional conflicts exist; we do not perceive how the interruption of the state sentence, which furthers the federal interest in the coercive effect of a civil contempt finding, lessens or interferes with the state's interest in

punishing the petitioner. Accordingly, we will deny petitioner's motion.

An appropriate order will issue.