**Frank A. ANGLIN, Jr., Petitioner,**

v.

**Steven JOHNSTON, Parole Executive, United States Board of Parole, et al., Respondents.**

**No. 74 C 1061.**

United States District Court, N. D. Illinois, E. D.

May 31, 1974.

Gerald M. Werksman, Chicago, Ill., for petitioner.

James R. Thompson, U. S. Atty., Chicago, Ill., for respondents.

## MEMORANDUM OPINION AND ORDER

McGARR, District Judge.

In this habeas action, the petitioner, Frank Anglin, Jr., seeks his return to Sandstone Penitentiary and credit for the time served in Cook County Jail. On February 23, 1972, this Court sentenced the petitioner herein to three years imprisonment which he began serving at the Federal Correctional Institution at Sandstone, Minnesota on March 27, 1973. In May of 1973, the petitioner was returned to the Northern District of Illinois pursuant to a writ of habeas corpus ad testificandum. After receiving a grant of immunity, the petitioner was brought before the Grand Jury where he refused to answer the questions put to him by the Assistant United States Attorney. As a consequence, on June 20, 1973 the petitioner was held to be in contempt of the Grand Jury by Chief Judge Robson and, pursuant to that decision, has been held in the Cook County Jail ever since. Recent correspondence with the Board of Parole has brought the petitioner to the realization that the time spent in prison pursuant to his contempt citation effectively suspends the running of his Federal criminal sentence. To avoid this result, the petitioner requests an order from this Court returning him to Sandstone and crediting his criminal sentence with the time spent under the civil contempt order.

To afford the petitioner the relief he requests would be to render Chief Judge Robson's contempt citation meaningless and inoperative. The "recalcitrant witness" statute, Title 28 U.S.C. § 1826(a) has been upheld under constitutional attack, Stewart v. United States (9th Cir. 1971), 440 F.2d 954, affirmed 92 S.Ct. 1653, 406 U.S. 441, 32 L.Ed.2d 212, rehearing denied 92 S.Ct. 2478, 408 U.S. 931, 33 L.Ed.2d 345, and clearly authorizes the Court to confine a recalcitrant witness as an incentive to compel the testimony sought. The granting of the petitioner's requests herein would remove the incentive in contravention of congressional intent. The petitioner would suffer no detriment for his refusal to testify and 28 U.S.C. § 1826(a) would have no meaning. Thus to effectuate the clear intent of this law, the petitioner's request must be denied.

For the aforementioned reasons, the petitioner's habeas request is hereby denied.