**Nolan Ray WILLIAMSON, Plaintiff-Appellant,**

v.

**William SAXBE, United States Attorney General, et al., Defendants-Appellees.**

No. 74–2019.

United States Court of Appeals, Sixth Circuit.

April 4, 1975.

Nolan Ray Williamson, Jef Feibelman, Memphis, Tenn., for plaintiff-appellant.

Thomas F. Turley, U. S. Atty., Memphis, Tenn., Larry E. Parrish, Robert M. Williams, Jr., Asst. U. S. Attys., for defendants-appellees.

Before PHILLIPS, Chief Judge, and WEICK and MILLER, Circuit Judges.

### PER CURIAM.

At the time when he was awaiting trial under an indictment in the Western District of Tennessee, Nolan Ray Williamson refused to obey an order of the District Court requiring him to give voice exemplars. When he persisted in his refusal, the District Court on December 27, 1972, adjudged him to be in contempt of court and ordered him incarcerated until he gave voice exemplars as ordered. This court granted a motion to dismiss the appeal from that decision in an unpublished order, No. 73–1495, dated November 13, 1973.

Prior to his incarceration for contempt of court, Williamson had been convicted and sentenced for a separate offense in the United States District Court for the Northern District of Georgia, Atlanta Division. He filed a complaint for declaratory relief, praying for a declaration that he is entitled to jail-time credit on his Georgia sentence for the time he has served in prison for contempt of court.

The District Court held he is not entitled to jail-time credit and dismissed the complaint. The present appeal is from that decision. Counsel was appointed to represent Williamson both in the District Court and in this court in this declaratory judgment proceeding. Counsel has filed an excellent brief in this court in support of Williamson's contentions.

The record shows that at the time Williamson was adjudged to be in contempt of court, he was afforded every reasonable opportunity to change his mind and to give the voice exemplars as ordered. The District Judge stated in open court in the presence of Williamson that, in order that there would be no misunderstanding, he was making it plain that Williamson would receive no credit against federal criminal sentences for the jail time accruing while he was incarcerated for contempt of court.

We follow Anglin v. Johnston, 504 F.2d 1165 (7th Cir. 1974), cert. denied, —— U.S. ——, 95 S.Ct. 1353, 43 L.Ed.2d 440 (1975), in affirming the decision of the District Court. The facts in *Anglin* are squarely on point except the reason for which the civil contempt penalty was imposed.

Williamson contends that he is entitled to jail-time credit under 18 U.S.C. § 3568, which provides:

> § 3568. *Effective date of sentence; credit for time in custody prior to the imposition of sentence*
>
> The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed.

The fallacy in this argument is that Williamson's civil contempt incarceration was not "in connection with the offense or acts for which sentence was imposed."

To hold that Williamson has a right to jail-time credit under the facts of this case would interfere seriously with the power of District Courts to punish civil

contempt by incarceration when the person who is guilty of contempt is under sentence for some other offense.

Affirmed.