**In re GRAND JURY PROCEEDINGS.**

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Jerry Roscoe THURMOND, Defendant-Appellant.**

**No. 76–2355**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

June 10, 1976.

---

* Rule 18, 5 Cir., *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 209, Part I.

Robert B. Thompson, Gainesville, Ga., for defendant-appellant.

Ronald T. Knight, U. S. Atty., Edgar W. Ennis, Jr., Asst. U. S. Atty., Macon, Ga., for plaintiff-appellee.

Before GODBOLD, DYER and RONEY, Circuit Judges.

GODBOLD, Circuit Judge:

This appeal requires us to decide whether the running of a federal prisoner's criminal sentence may be interrupted pending his confinement on an intervening civil contempt sentence for refusing to testify before a grand jury regarding offenses for which he has been convicted. Jerry Roscoe Thurmond was serving a three-year sentence in a federal prison in Alabama when he appeared before the federal grand jury for the Middle District of Georgia, at Valdosta, pursuant to a writ of habeas corpus ad testificandum. A court order requiring him to testify granted testimonial immunity, but Thurmond persisted in his refusal to testify on the basis of the Fifth Amendment privilege against self-incrimination. The District Judge held Thurmond in civil contempt and committed him "to the custody of the Attorney General until such time as he answers the questions propounded to him by the grand jury or until such time as the grand jury has been disbanded, whichever comes first." The court "further ordered that . . . Thurmond will serve the above sentence within the Middle District of Georgia and is not to be given credit against the federal sentence he is currently serving under a previous commitment."

Thurmond is not entitled to be allowed credit, against the federal sentence he had been serving, for the time spent in civil contempt confinement. Other circuits have sustained a district court's authority to suspend the execution of a prisoner's sentence pending his confinement for civil contempt. *Anglin v. Johnson,* 504 F.2d 1165 (C.A.7, 1974), *cert. denied,* 420 U.S. 962, 95 S.Ct. 1353, 43 L.Ed.2d 440 (1975); *U. S. v. Liddy,* 166 U.S.App.D.C. 289, 510 F.2d 669 (1974), *cert. denied,* 420 U.S. 980, 95 S.Ct. 1408, 43 L.Ed.2d 661 (1975); *Williamson v. Saxbe,* 513 F.2d 1309 (C.A.6, 1975); *Martin v. U. S.,* 517 F.2d 906 (C.A.8), *cert. denied,* 423 U.S. 856, 96 S.Ct. 105, 46 L.Ed.2d 81 (1975). This circuit has recently approved the rationale underlying those cases in *In Re: Grand Jury Proceedings, U. S. v. Marshall,* 532 F.2d 410 (1976). As one of two reasons specified for. our holding that a civil contempt sentence may suspend the running of a previous Federal Youth Corrections Act sentence, we said:

> . . . [T]o allow credit would wholly frustrate the clearly articulated congressional goal of coercing a witness to testify. To credit time in prison for contempt toward a preexisting sentence would altogether vitiate the intended coercive incentive to testify. *See United States v. Liddy,* 166 U.S.App.D.C. 289, 510 F.2d 669 (1974), *cert. denied,* 420 U.S. 980, 95 S.Ct. 1408, 43 L.Ed.2d 661 (1975); *Anglin v. Johnston,* 504 F.2d 1165 (7th Cir. 1974),

cert. denied, 420 U.S. 962, 95 S.Ct. 1353, 43 L.Ed.2d 440 (1975).

Thurmond raises a second point which questions the validity of the contempt order insofar as it designates his place of confinement. He contends that the District Court, having committed him to the custody of the United States Attorney General, had no authority thereafter to specify that he be incarcerated within the Middle District of Georgia. Thurmond acknowledges that a court which holds a recalcitrant witness in civil contempt under 28 U.S.C. § 1826(a) "may summarily order his confinement at a suitable place," but he argues that once the court has committed the contemner to the custody of the Attorney General the place of confinement is governed by the provisions of 18 U.S.C. § 4082, which states in pertinent part:

> A person convicted of an offense against the United States shall be committed, for such term of imprisonment as the court may direct, to the custody of the Attorney General of the United States, who shall designate the place of confinement where the sentence shall be served.

The statutory and caselaw authority pertinent to § 4082 make it clear that the Attorney General has exclusive discretion to designate the place of confinement for persons committed to his custody. Any directions from the court in this regard are mere surplusage. Presumably the District Judge intended to exercise his 28 U.S.C. § 1826(a) privilege to select a suitable place of confinement for Thurmond, and we think it likely that the direction that Thurmond be committed to the custody of the Attorney General was an inadvertence arising from the usual procedures for sentencing. The technical defect, if indeed it is a defect at all,[1] does not invalidate the confinement order or change our conclusion with respect to sentence credit. We remand for entry of a corrected order.

AFFIRMED in part, and REMANDED for entry of a corrected order.

---

1. We need not decide whether a person convicted of civil contempt can be sentenced under § 4082.