BRUNO, Frank, Appellant,

v.

GREENLEE, William, Acting Warden, Lewisburg, Pennsylvania.

No. 77–1478.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Nov. 29, 1977.

Decided Jan. 20, 1978.

Thomas A. Livingston, Dennis J. Clark, Livingston, Miller, O'Malley & Clark, P.C., Pittsburgh, Pa., for appellant.

S. John Cottone, U. S. Atty., Laurence M. Kelly, Asst. U. S. Atty., Scranton, Pa., for appellee.

Before SEITZ, Chief Judge, GARTH, Circuit Judge, and BROTMAN, District Judge.*

## OPINION OF THE COURT

PER CURIAM:

Appellant Frank Bruno challenges the denial of his petition for a writ of habeas

* Honorable Stanley S. Brotman, of the United States District Court for the District of New Jersey, sitting by designation.

corpus, 28 U.S.C. § 2241. The question presented on appeal is whether a prisoner's prior criminal sentence is interrupted as a matter of law by a civil contempt citation, 28 U.S.C. § 1826(a),[1] when the sitting judge does not expressly provide therefor. We hold that the criminal sentence is interrupted and affirm the denial of the habeas corpus petition.

■ Appellant was convicted of conspiracy to obstruct the enforcement of the criminal law and was sentenced to a two-year term of incarceration which commenced on August 15, 1974. The United States Attorney subsequently obtained a writ of habeas corpus ad testificandum to secure appellant's presence before the Grand Jury in the Western District of Pennsylvania. Despite a court order, Bruno refused to testify, and on January 23, 1975 was adjudged in contempt pursuant to Section 301 of Title III of the Organized Crime Control Act of 1970, 28 U.S.C. § 1826(a). On March 17, 1975 the judge amended the contempt order, transferring Bruno from Allegheny County Jail to the United States Penitentiary, Lewisburg, Pennsylvania. Both orders provided that the incarceration would continue for the maximum statutory period unless appellant agreed to testify. Neither order made reference to Bruno's prior criminal sentence, which the Bureau of Prisons interrupted for the 545 days of the civil contempt sentence. As a result, appellant's full term date was extended from August 14, 1976 to February 10, 1978.[2] On September 3, 1976, appellant filed a petition for a writ of habeas corpus which was denied by the district court on February 25, 1977. This appeal followed pursuant to 28 U.S.C. § 1291.

Appellant concedes that a district court judge has the power to interrupt a criminal sentence in an order of civil contempt. *In re Grand Jury Investigation (Hartzell)*, 542 F.2d 166 (3rd Cir. 1976); *Anglin v. Johnston*, 504 F.2d 1165 (7th Cir. 1974), *cert. denied*, 420 U.S. 962, 95 S.Ct. 1353, 43 L.Ed.2d 440 (1975); *In re Grand Jury Proceedings (Thurmond)*, 534 F.2d 41 (5th Cir. 1976); *Williamson v. Saxbe*, 513 F.2d 1309 (6th Cir. 1975); *Martin v. United States*, 517 F.2d 906 (8th Cir.), *cert. denied*, 423 U.S. 856, 96 S.Ct. 105, 46 L.Ed.2d 81 (1975). He argues, however, that a presumption of concurrency requires that his civil sentence run concurrently with his prior criminal sentence in the absence of an express suspension.

■ Assuming without deciding that there is such a presumption of concurrency, it is rebutted by the clear purpose of 28 U.S.C. § 1826(a). The Organized Crime Control Act of 1970 was designed to strengthen the ability of the federal

1. § 1826. Recalcitrant witnesses

(a) Whenever a witness in any proceeding before or ancillary to any court or grand jury of the United States refuses without just cause shown to comply with an order of the court to testify or provide other information, including any book, paper, document, record, recording or other material, the court, upon such refusal, or when such refusal is duly brought to its attention, may summarily order his confinement at a suitable place until such time as the witness is willing to give such testimony or provide such information. No period of such confinement shall exceed the life of—

(1) the court proceeding, or

(2) the term of the grand jury, including extensions, before which such refusal to comply with the court order occurred, but in no event shall such confinement exceed eighteen months.

2. Bruno was released from custody on July 29, 1977. This appeal, however, is not moot. On September 25, 1975 Bruno had been sentenced at Criminal No. 75–167. That sentence provided for four months in prison and three years, eight months of probation and was imposed with respect to an unrelated criminal matter. He commenced serving this latter sentence on July 22, 1976 which was the time that the two years sentence which is the subject of this proceeding resumed. The two sentences were to be served concurrently. Bruno is still subject to probation which is scheduled to terminate on March 28, 1981. Because of the interruption by the contempt sentence, his probation will end sixteen months later than it would have ended if there had been no interruption. An individual on federal probation is "in custody." *See United States v. Washington*, 341 F.2d 277, 280 (3rd Cir. 1965). "A case cannot be said to be moot when a conviction entails collateral legal disadvantages which survive the satisfaction of the sentence." *Id.* at 281.

government to handle the problems surrounding secret organized criminal activity. Section 1826(a) authorizes civil confinement of recalcitrant witnesses; "its purpose is to secure the testimony through a sanction, not to punish the witness by imprisonment." 1970 *U.S. Code Congressional and Administrative News*, p. 4022. The incentive to testify is created by the availability of release from confinement as soon as the potential witness cooperates with the government and gives his testimony. To create such an incentive for one already in prison, the running of the criminal sentence must be interrupted so that the inmate has the option of shortening his total prison time immediately by testifying and thus terminating the civil sanction. To hold that the prior criminal sentence is not interrupted would negate the benefits to be derived from testifying and thus immunize the incarcerated witness from the coercive sanction of § 1826(a), a result contrary to Congressional intent. *Martin v. United States, supra* at 908.

This Circuit has previously recognized the importance of interrupting the criminal sentence.

> [T]he coercion of § 1826 would be meaningless against prisoners if credit against the original sentence must be given for time spent in confinement for civil contempt. Certainly the law-and-order spirit which motivated Congress to enact § 1826 would be inconsistent with an intention that it provide a remedy useless against prisoners. *In re Grand Jury Investigation (Hartzell), supra* at 169.

The Seventh Circuit has indicated that it also would hold the criminal sentence interrupted as a matter of law. In *Anglin, supra,* the judge ordering civil contempt did not specify the interruption of the prior sentence until after a question had been raised as to the effect of his order. The court concluded that even absent the later explanatory order, the sentence would be suspended, 504 F.2d at 1169 n.4, for "to permit petitioner to credit the contempt time against the criminal sentence would

'remove the incentive . . . to compel the testimony sought' and render the statute nugatory when applied to a prisoner presently incarcerated." 504 F.2d at 1169.

The Eighth Circuit agrees.

Thus, the question is not whether the District Court had the power to interrupt the presently running criminal sentence, but whether the civil contempt sentence validly imposed by the court for violation of § 1826(a) operates to interrupt the prior criminal sentence. We hold that it does. *Martin v. United States, supra* at 909.

Accordingly, in the absence of an express direction as to whether the sentence for civil contempt interrupts or is concurrent with a prior criminal sentence, the prior sentence shall be interrupted.[3] The judgment of the district court will be affirmed.

---

3. However, it is preferable for the district court to specify concurrency or interruption.