**Andrew C. NEIDINGER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 80–5132.**

United States Court of Appeals, Fourth Circuit.

Argued Jan. 9, 1981.

Decided March 17, 1981.

---

Henry L. Belsky, Baltimore, Md. (Steinberg, Schlachman, Potler, Belsky & Weiner, P. A., Baltimore, Md., Joseph L. Ely, Indian Head, Md., on brief), for appellant.

Edward M. Norton, Jr., Asst. U. S. Atty., Baltimore, Md. (Russell T. Baker, Jr., U. S. Atty., Baltimore, Md., on brief), for appellee.

Before BUTZNER, PHILLIPS, and ERVIN, Circuit Judges.

ERVIN, Circuit Judge:

Andrew Neidinger appeals the modified sentence imposed upon him by the district court for willful failure to file a federal income tax return for 1974, in violation of 26 U.S.C. § 7203. Neidinger was originally sentenced on July 3, 1980 to one year of imprisonment, on the condition that he be confined in the Montgomery County Detention Center for thirty days and placed on work release. The district court suspended execution of the remainder of the sentence and ordered that Neidinger be put on probation for two years, the probationary period to commence following his release from confinement. Neidinger was ordered to report to the Detention Center upon written notice from the United States Marshal, and, in the absence of such notice, he was to surrender himself to the Marshal on July 24, 1980. Subsequent to the July 3rd hearing, and before Neidinger was placed in confinement, the district court learned that the Montgomery County Detention Center would not accept Neidinger for a thirty day work release program. The court therefore requested Neidinger to appear on July 16th for sentence modification. At that time, the court suspended execution of the entire one year sentence and placed Neidinger on immediate probation for two years, requiring him as a condition of probation to reside in the Montgomery County Pre-Release Center (a halfway house) for sixty days on work release.

Neidinger argues that the modified sentence increased his original sentence after

he had commenced to serve it, and that it therefore violated the Fifth Amendment guarantee against double jeopardy.

 We are not persuaded by this argument. Constitutional protection against double jeopardy does not attach prior to the commencement of a sentence. *See, e. g., United States v. Bynoe,* 562 F.2d 126 (1st Cir. 1977); *Acme Poultry Corp. v. United States,* 146 F.2d 738 (4th Cir. 1944), *cert. denied,* 324 U.S. 860, 65 S.Ct. 865, 89 L.Ed.2d 1417 (1945). Because Neidinger had not been confined prior to the sentence modification hearing, his original sentence of imprisonment had not yet commenced. *See* 18 U.S.C. § 3568.[1] His probation, moreover, had not then begun, as the written judgment clearly states that probation was "to commence upon Defendant's release from confinement." We place no significance on the alleged ambiguity in the district court's remarks from the bench concerning the commencement of probation, given that the written judgment is quite clear on that point and should be referred to for resolution of any ambiguities in the oral pronouncement. *See, e. g., Green v. United States,* 447 F.2d 987 (9th Cir. 1971), *cert. denied,* 405 U.S. 976, 92 S.Ct. 1201, 31 L.Ed.2d 250 (1972). Because neither the original sentence of imprisonment nor the probationary period had commenced as of the time of the modification, Neidinger cannot invoke the Fifth Amendment guarantee against double jeopardy.

We therefore are constrained to review the sentence with regard only to its legality, that is, whether the sentence falls within the statutory limits, and to the question of whether the district court in fact exercised discretion in sentencing. *See, e. g., United States v. Bowser,* 497 F.2d 1017 (4th Cir. 1974), *cert. denied,* 419 U.S. 857, 95 S.Ct. 105, 42 L.Ed.2d 91 (1974); *United States v. Wilson,* 450 F.2d 495 (4th Cir. 1971). We review only the modified sentence, as the district court had the authority to increase, decrease or modify Neidinger's sentence at the July 16th hearing, its service having not then commenced. *See Acme Poultry Corp. v. United States,* 146 F.2d at 739 ("The general rule . . . is that the trial court has power to change a sentence at any time during the term at which it is imposed. The only limitation upon this power is that the sentence may not be increased . . . if the defendant has entered upon the service of a term of imprisonment.").[2]

 We find that the modified sentence is clearly legal: the one year suspended sentence does not exceed the one year statutory limit set forth in 26 U.S.C. § 7203, and the two year probationary term with provision for a sixty day residence at the Pre-Release Center meets the statutory terms of 18 U.S.C. § 3651.[3] The sentence being legal, we are left only with the in-

1. 18 U.S.C. § 3568 states in relevant part that "[t]he sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence."

2. The original sentence in this case termed Neidinger's confinement in the Montgomery County Detention Center a "condition" of the sentence. As 18 U.S.C. § 4082(a) requires that a person who is convicted and sentenced be "committed . . . to the custody of the Attorney General of the United States, who shall designate the place of confinement," the "condition" placed by the district court on the sentence of imprisonment was, legally, mere surplusage. *See In re Grand Jury Proceedings,* 534 F.2d 41, 43 (5th Cir. 1976); *United States v. Herb,* 436 F.2d 566, 568 (6th Cir. 1971). A district court, however, is allowed to recommend a particular institution to the Attorney General in connec-

tion with a sentence, and as a practical matter, the Attorney General usually follows the recommendation. *See* 2 C. Wright, *Federal Practice and Procedure,* § 535 (1969). For purposes of this opinion, we treat the condition in the original sentence pertaining to the place of enforcement as a recommendation by the district court. It was the district court's discovery that the "recommendation" would not work that prompted the modification of the sentence.

3. 18 U.S.C. § 3651 provides in relevant part as follows:

. . . if the maximum punishment provided for such offense is more than six months, any court having jurisdiction to try offenses against the United States . . . may impose a sentence in excess of six months and provide that the defendant be confined in a jail-type institution or a treatment institution for a period not exceeding six months and that the

quiry of whether the district court indeed exercised discretion in sentencing Neidinger. The record indicates that the district court did not mechanistically sentence Neidinger but instead acted with discretion and took both societal considerations and Neidinger's personal circumstances into account in fashioning the punishment.

Because the modified sentence is legal, is the product of the district court's discretion, and does not place Neidinger in double jeopardy, we affirm it.

*AFFIRMED.*

execution of the remainder of the sentence be suspended and the defendant placed on pro- bation for such period and upon such terms and conditions as the court deems best.