**Robert McQUAGE, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 180, Docket 84–2139.

United States Court of Appeals,
Second Circuit.

Argued Oct. 9, 1984.

Decided Oct. 18, 1984.

Joshua L. Dratel, New York City (Gerald B. Lefcourt, P.C., Gerald B. Lefcourt, New York City, of counsel), for appellant.

Debra D. Newman, Asst. U.S. Atty., for the Eastern District of New York, Brook-

lyn, N.Y. (Raymond J. Dearie, U.S. Atty., Mary McGowan Davis, Asst. U.S. Atty., Brooklyn, N.Y., of counsel), for appellee.

Before FEINBERG, Chief Judge, MANS-FIELD and KEARSE, Circuit Judges.

PER CURIAM:

Robert McQuage appeals from an order of the United States District Court for the Eastern District of New York, Jack B. Weinstein, *Ch.J.*, denying his petitions, brought pursuant to 28 U.S.C. § 2255, seeking (1) vacation and reconsideration of his prison sentence, and (2) modification of his sentence to credit him for time served on a contempt citation.

Appellant pled guilty in April 1982 before Chief Judge Weinstein to possessing marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). At the sentencing hearing in May 1982, appellant alleged that portions of the pre-sentence report overstated the extent of his criminal involvement, but declined the judge's invitation to move to strike these portions from the report, or to seek a hearing under *United States v. Fatico*, 441 F.Supp. 1285 (E.D.N.Y.1977), *rev'd on other grounds*, 579 F.2d 707 (2d Cir.1978). The maximum sentence appellant faced was 15 years in prison, but the judge sentenced him to six. In July, Judge Weinstein held appellant in contempt of court pursuant to 28 U.S.C. § 1826, for refusing to testify before a federal grand jury despite a grant of immunity. The judge ordered that all time served for contempt "precede and not run concurrent with the six-year term of imprisonment."

Appellant persisted in his refusal to testify, served approximately 13 months for contempt, and is presently serving the remainder of his six-year sentence. In March 1984, appellant filed the two petitions at issue here. He argues, first, that his sentence was based on material misinformation in the pre-sentence report, and that he failed to seek a *Fatico* hearing because he erroneously believed he would be obliged to testify, which he was afraid to do. He alleges that he did not waive his right to challenge the report by failing to make a motion to strike or to seek a *Fatico* hearing at the time of sentencing.

■ In refusing to reconsider the sentence, Chief Judge Weinstein noted that there was no new information available. He stated that the six-year term imposed, which was far less than the statutory maximum, was "fair and just and right" in light of the seriousness of appellant's crime and his unwillingness to cooperate with the criminal investigation. The judge further concluded that appellant had chosen not to seek a *Fatico* hearing because of a different kind of fear—that is, fear that an inquiry into the pre-sentence report would lead to an increase, rather than a decrease, in the sentence by revealing "devastating" information. Under the circumstances, and without reaching the waiver question, we see no basis for concluding that the judge erred in denying appellant's petition.

■ Appellant's second petition seeks modification of his prison sentence by crediting the period served for contempt to the six-year underlying term. Appellant argues that it is now apparent, given his steadfast refusal to testify, that the time served for contempt had a punitive rather than a coercive effect. In support, he cites *Sanchez v. United States*, 725 F.2d 29 (2d Cir.1984), and *Simkin v. United States*, 715 F.2d 34 (2d Cir.1983), which hold that a court is authorized to reduce the statutory maximum sentence allowed by the recalcitrant witness statute, 28 U.S.C. § 1826, upon a determination that the sanction "has lost its coercive effect upon a particular contemnor at some point short of eighteen months." 715 F.2d at 37.

We disagree with appellant's effort to apply this principle to a contemnor after, rather than during, the life of the contempt order. In both *Simkin* and *Sanchez*, the evaluation of the coercive effect was prospective. Neither case addressed appellant's claim that such an assessment may be made retrospectively. Indeed, with the benefit of hindsight, every sentence origi-

nally imposed for coercive purposes that fails to accomplish its aim may be re-labelled "punitive." In the case of an otherwise incarcerated contemnor like appellant, retroactive crediting of a contempt citation would undermine the courts' capacity to effectuate any coercive purpose under 28 U.S.C. § 1826. The contemnor would need only to wait out the life of the grand jury, or the term of the citation, and then claim that the contempt citation had been punitive. This would, in effect, nullify the original interruption of the sentence, which is permissible expressly to insure coercion in such instances. *United States v. Dien*, 598 F.2d 743 (2d Cir.1979).

The judgment of the district court denying appellant's petitions is affirmed.