805 F.2d 393
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellee,
v.
John Thomas NEAL, Jr., Appellant.
 No. 85-5279.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 2, 1986.
Decided Nov. 18, 1986.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Walter E. Black, Jr., District Judge. (Cr. No. B-85-044)
 William McC. Schildt, on brief, for appellant.
 Breckinridge L. Willcox, United States Attorney, Herbert Better, Assistant United States Attorney, Dennis E. Boyle, 3rd Year Law Student, on brief, for appellee.
 D.Md.
 AFFIRMED.
 Before PHILLIPS, ERVIN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 John Thomas Neal, Jr., appeals the sentence imposed upon him subsequent to his guilty plea to a charge of bank robbery, in violation of 18 U.S.C. Sec. 2113(a).
 
 I.
 
 2
 On July 25, 1984, Neal and a codefendant robbed the Equitable Bank in Baltimore, Maryland. The codefendant was apprehended in November 1984 in Florida, confessed to the Maryland robbery, and implicated Neal. Neal and the same codefendant were also subjects of a federal indictment in the Western District of Virginia based on their participation in a robbery of a Virginia bank in September 1984. The codefendant entered a plea of guilty to a charge related to the robbery of the Virginia bank and testified against Neal, who elected to stand trial. Neal was subsequently convicted by a jury of participating in the Virginia bank robbery. The district judge for the Western District of Virginia sentenced both Neal and his codefendant to twelve-year terms of imprisonment. The codefendant also cooperated with State of Maryland authorities in their investigation of a corrupt City of Baltimore police officer.
 
 
 3
 Subsequent to the Virginia convictions, both Neal and his codefendant entered into plea agreements on the Maryland federal indictments. On February 15, 1985, Neal's codefendant entered a plea of guilty to a violation of 18 U.S.C. Sec. 2113(a). Imposition of sentence was suspended pending the preparation of a presentence report and the codefendant's cooperation pursuant to the plea agreement. On August 12, 1985, Neal entered a plea of guilty to a violation of 18 U.S.C. Sec. 2113(a). Under the terms of the plea agreement with Neal the government agreed to recommend a term of eighteen years imprisonment to run concurrently with the sentence imposed in the Western District of Virginia. Imposition of sentence was suspended pending the preparation of a presentence report. On October 1, 1985, Neal was sentenced, consistent with the plea agreement, to a term of imprisonment of eighteen years to run concurrently with the twelve-year sentence imposed in the Western District of Virginia. At the sentencing hearing the Assistant United States Attorney stressed the seriousness of the crime; the seriousness of Neal's past criminal conduct; and Neal's refusal to cooperate in the matter concerning the corrupt Baltimore police officer. Neal, speaking on his own behalf, stated that:
 
 
 4
 "Now, as far as not wanting to help, that could be proven as false on account of I would have stepped forward and helped but no one, you know, come to me.... And I was, you know, I would have been willing to talk but they just come at me all the wrong ways."
 
 
 5
 In imposing the eighteen-year sentence the district judge stressed the seriousness of the offense and the fact that Neal already had a long sentence to serve.
 
 
 6
 On October 18, 1985, the codefendant was sentenced to a term of imprisonment of twelve years to run concurrently with the previous twelve-year sentence imposed in the Western District of Virginia. At the sentencing hearing the Assistant United States Attorney stressed the codefendant's cooperation with the government and the government's view of the relative culpability of each defendant. In imposing the concurrent twelve-year sentence the district judge indicated that he had considered the codefendant's cooperation and the efforts that he was making to straighten out his life.
 
 
 7
 Neal's argument on appeal is that the six-year disparity between the sentence that he received and the sentence imposed on his codefendant indicates an abuse of discretion on the part of the district judge. Specifically, he contends that he was penalized for allegedly failing to cooperate with the government.
 
 II.
 
 8
 Our role in reviewing sentencing decisions of the district courts is very limited. "It is well settled that a federal district court judge is vested with broad discretion in the sentencing phase of criminal prosecutions, and that sentences imposed within the statutory limits are generally not reviewed on appeal." United States v. Schocket, 753 F.2d 336, 341 (4th Cir.1985). See also Dorszynski v. United States, 418 U.S. 424, 440-41 (1974). The court of appeals, however, may review a sentence to determine "whether the district court in fact exercised discretion in sentencing." Neidinger v. United States, 647 F.2d 408, 410 (4th Cir.), cert. denied, 454 U.S. 859 (1981). In this case, the sentence was within the statutory limits. Accordingly, the sentence here should be disturbed only if there are "extraordinary circumstances," Schocket, 753 F.2d at 341 (citing United States v. Wilson, 450 F.2d 495 (4th Cir.1971)), or the trial judge "grossly abused the discretion afforded him." Schocket, 753 F.2d at 341 (quoting United States v. Hodge, 394 F.2d 122 (4th Cir.1968)). Extraordinary circumstances exist when the district judge fails or refuses to consider certain facts or applicable law in sentencing, or new information comes to light after sentencing. See United States v. Stumpf, 476 F.2d 945 (4th Cir.1973); United States v. Wilson, supra.
 
 
 9
 Ordinarily, disparity among sentences imposed upon codefendants does not entitle an aggrieved defendant to a review of his sentence. However, as we pointed out in United States v. Rosenthal, 673 F.2d 722, 723 (4th Cir.1982):
 
 
 10
 This Court has vacated sentences when the sentencing court discriminated on the basis of sex, United States v. Maples, 501 F.2d 985 (4th Cir.1974), increased the defendant's sentence because of possible crimes committed between indictment and conviction, United States v. Eberhardt, 417 F.2d 1009 (4th Cir.1969), or failed to consider a psychiatric appeal. United States v. Stumpf, 476 F.2d 945 (4th Cir.1973).
 
 
 11
 Neal has failed to show in this appeal any of the limited exceptions to the general rule limiting this Court's review of the district court's sentencing decisions. Moreover, a defendant's lack of cooperation may be taken into account at sentencing as long as he is not forced to waive his Fifth Amendment rights. See Roberts v. United States, 445 U.S. 552 (1980). At the separate sentencing hearings of Neal and his codefendant the district court was presented with widely diverging instances of cooperation. On the one hand the codefendant had confessed to the crime as well as his participation in several additional bank robberies in Maryland. Additionally, he had assisted the Maryland authorities in their bringing to justice a corrupt Baltimore police officer.
 
 
 12
 On the other hand, Neal offered a self-serving and equivocal statement that he would have cooperated had he been approached differently. Clearly actions speak louder than words. A willingness to cooperate in criminal investigations in order to expose illegal activities, coupled with actual cooperation, is commendable, and is an indication that an offender has on his own accord started the rehabilitation process. Such cooperation may be considered in sentencing decisions and appropriately rewarded. The six-year disparity in the sentence received by Neal and the sentence imposed on his codefendant is consistent with the district court's exercise of discretion to reward the codefendant for his cooperation and efforts to "straighten out his life." Neal has not shown, nor has our review of the record revealed, any abuse of discretion in the sentence imposed on him.
 
 III.
 
 13
 Finding that the facts and legal arguments are adequately presented in the briefs and record, that the decisional process would not be aided significantly by oral argument, and that Neal's contentions are without merit, we dispense with oral argument pursuant to Fed.R.App.P. 34(a) and Local Rule 34(a) and affirm the judgment and sentence of the district court.
 
 
 14
 AFFIRMED.