**Ramón SANCHEZ, Petitioner-Appellant,**

v.

**Edwin MEESE, III, Attorney General of the United States, Respondent-Appellee.**

No. 86–1897.

United States Court of Appeals, Seventh Circuit.

Submitted Sept. 10, 1986.*

Decided Dec. 5, 1986.

As Corrected Dec. 8, 1986.

Paul Morris, Law Office of Paul Morris, P.A., Miami, Fla., for petitioner-appellant.

John Daniel Tinder, U.S. Atty., Gerald A. Coraz, Asst. U.S. Atty., Indianapolis, Ind., for respondent-appellee.

Before CUMMINGS, COFFEY and EASTERBROOK, Circuit Judges.

PER CURIAM.

At issue is whether Ramón Sanchez is entitled to have the seventeen months he served for civil contempt pursuant to the recalcitrant witness statute, 28 U.S.C. § 1826(a), credited to his four-year sentence for criminal contempt under 18 U.S.C. § 401. The district court determined that Sanchez was not entitled to such a credit, and it dismissed his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. We affirm.

I.

Petitioner is currently incarcerated at the United States Penitentiary at Terre Haute, Indiana. Four years ago on October 19, 1982, Sanchez refused to answer any question posed to him by a Grand Jury for the Southern District of New York, which was investigating crimes allegedly committed by the Omega 7, a terrorist group of anti-Castro Cuban exiles. The district court found Sanchez to be in civil contempt and thus ordered him to be confined for the lesser of eighteen months or for the life of the Grand Jury. See 28 U.S.C. § 1826(a).[1] Because he continued to refuse to testify, he was indicted for criminal contempt[2] on

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f). Because petitioner's sentence will expire in September 1986, he waived oral argument to seek expedited review. Thus, the appeal has been submitted on the briefs and record.

1. This section provides in pertinent part:
   § 1826. Recalcitrant witnesses.
   (a) Whenever a witness in any proceeding before or ancillary to any court or grand jury of the United States refuses without just cause shown to comply with an order of the court to testify or provide other information, including any book, paper, document, record, recording or other material, the court, upon such refusal, or when such refusal is duly brought to its attention, may summarily order his confinement at a suitable place until such time as the witness is willing to give such testimony or provide such information.

2. This indictment was pursuant to 18 U.S.C. § 401, which reads:
   § 401. Power of court.
   A court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as—

March 9, 1984. Three months later, on June 14, 1984, he was sentenced to a term of nine years' imprisonment, but on direct appeal, the United States Court of Appeals for the Second Circuit reduced Sanchez's sentence to four years. *United States v. Gracia*, 755 F.2d 984 (2d Cir.1985).

In July 1985, Sanchez filed his petition for writ of habeas corpus contending that because he had been incarcerated for seventeen months on the civil contempt charge, which was for the identical act that gave rise to the criminal contempt charge, he was entitled under 18 U.S.C. § 3568 [3] to seventeen months credit against his subsequent sentence for criminal contempt. On February 19, 1986, the district court rejected Sanchez's claim for credit, holding that "the terms of 18 U.S.C. § 3568 cover only criminal as opposed to civilly-sanctioned offenses." After the court entered final judgment on April 30, 1986, Sanchez filed a timely notice of appeal.

## II.

Our primary task in this appeal is to construe Section 3568, and we initially note that we must not expand the criminal statute beyond its plain language. *United States v. Braverman*, 373 U.S. 405, 408, 83 S.Ct. 1370, 1372, 10 L.Ed.2d 444 (1963); *United States v. Olinger*, 759 F.2d 1293 (7th Cir.1985). Sanchez basically claims that since both contempt charges arose from the same "act"—his failure to testify at the Grand Jury proceeding—he must get credit under Section 3568 toward his criminal contempt sentence for the seventeen to eighteen months he served for civil contempt.[4] He argues that "[t]he language of section 3568 is unambiguous." We agree. *See Anglin v. Johnston*, 504 F.2d 1165, 1167 (7th Cir.1974), *cert. denied*, 420 U.S. 962, 95 S.Ct. 1353, 43 L.Ed.2d 440 (1975). Under the statute, credit shall be given for time spent "in connection with the offense or acts for which the sentence was imposed" and "offense" is defined as a "criminal offense."

Sanchez asserts that the term "offense" was not at issue and it mattered not that his first incarceration was for civil contempt, an "act," as opposed to an "offense." Sanchez, however, fails to provide any support for his novel argument. Moreover, as in *Anglin*, "[t]he confinement for which petitioner seeks credit was imposed in connection with a civil contempt (refusal to testify) and not in connection with the criminal offense 'for which sentence was imposed'...." *Anglin*, 504 F.2d at 1167; *see also Williamson v. Saxbe*, 513 F.2d 1309 (6th Cir.1975). The civil contempt sentence to coerce Sanchez to testify pre-

---

(1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice,

(2) Misbehavior of any of its officers in their official transactions,

(3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

**3.** The relevant section follows:

§ 3568. Effective date of sentence; credit for time in custody prior to the imposition of sentence.

The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or act for which sentence was imposed. As used in this section, the term "offense" means any criminal offense, other than an offense triable by court-martial, military com-

mission, provost court, or other military tribunal, which is in violation of an Act of Congress and is triable in any court established by Act of Congress.

18 U.S.C. § 3568.

**4.** Sanchez neither challenges the authority of the judiciary to impose separate sentences for civil and criminal contempt nor claims any double jeopardy bar to the sentences. *See Yates v. United States*, 355 U.S. 66, 74, 78 S.Ct. 128, 133, 2 L.Ed.2d 95 (1957); *United States v. United Mine Workers*, 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884 (1947). Recently, this circuit rejected a claim that a defendant's criminal conviction based on the same conduct for which the defendant was incarcerated civilly violated the fifth amendment's prohibition against double jeopardy. *United States v. Monteleone*, 804 F.2d 1004, 1009 n. 8 (7th Cir.1986) (district court need not warn defendant during civil contempt proceedings that his recalcitrance could also result in separate and additional criminal penalties).

ceded the criminal contempt conviction designed to punish Sanchez for his refusal. The policy justifications for rejecting Sanchez's claim were stated in *McQuage v. United States*, 746 F.2d 759 (2d Cir.1984) (per curiam), where the federal petitioner sought to modify a criminal prison sentence he was then serving by crediting it against a thirteen-month period he served for civil contempt arising from his refusal to testify. The court held that the petitioner was not entitled to this credit, for:

> "[R]etroactive crediting of a contempt citation would undermine the courts' capacity to effectuate any coercive purpose under 28 U.S.C. § 1826. The contemnor would need only to wait out the life of the grand jury, or the term of the citation, and then claim that the contempt citation had been punitive."

746 F.2d at 761.

Previously, this court has sanctioned a four-year criminal contempt sentence imposed upon a recalcitrant witness previously held for civil contempt, *see United States v. Patrick*, 542 F.2d 381, 384 (7th Cir.1976), and we are not persuaded to accept Sanchez's construction of Section 3568. Therefore, we affirm the district court's dismissal of the petition for writ of habeas corpus.

AFFIRMED.