[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 28, 2008
THOMAS K. KAHN
CLERK

No. 08-10580
Non-Argument Calendar
_____

D. C. Docket No. 07-00154-CV-3-RV-EMT

WILLIAM H. TANKERSLEY,

Petitioner-Appellant,

versus

SCOTT FISHER, Warden,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(August 28, 2008)**

Before TJOFLAT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Petitioner is incarcerated in a federal correctional facility located within the

territorial jurisdiction of the United States District Court for the Northern District of Florida. He petitioned the district court for a writ of habeas corpus[1] in an attempt to force the Bureau of Prisons ("BOP") to credit the time he was in custody serving a civil contempt sanction – imposed by the United States District Court for the Northern District of Indiana – against prison sentences he is currently serving as the result of pleading guilty to criminal charges. The Northern District of Indiana "vacated" the civil contempt order because the sanction it imposed had lost its coercive effect. Petitioner contends that the vacatur rendered the contempt order null and void, as if it had never existed, and that the BOP was required to credit his criminal sentences with the time he served for civil contempt.

The district court was not persuaded, and denied the writ. Petitioner now appeals. We affirm.

Pursuant to 18 U.S.C. § 3585(b), "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences– (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." 18

---

[1] He filed the petition under 28 U.S.C. § 2241.

2

U.S.C. § 3585(b). The Supreme Court has held that the BOP determines whether the defendant should receive credit for time spent in custody before the sentence commenced. United States v. Wilson, 503 U.S. 329, 334-37, 112 S.Ct. 1351, 1354-56, 117 L.Ed. 2d 593 (1992). In In re Grand Jury Proceedings, United States v. Thurmond, 534 F.2d 41, 42 (5th Cir. 1976), we held that the petitioner was not entitled to sentence credit for the time that he had spent in civil contempt confinement because, "[t]o credit time in prison for contempt for a preexisting sentence would altogether vitiate the intended coercive incentive to testify."

In this case, whether petitioner should have been awarded sentence credit for the time that he had spent incarcerated pursuant to the vacated civil contempt order depends on whether that order was (1) vacated because it improperly was entered; or (2) lifted because it no longer was accomplishing its coercive purpose. If the court intended to lift the contempt order only because it no longer was coercive, the order – and the time that petitioner spent in custody under the order – was proper, and he would not receive credit because, "[t]o credit time in prison for contempt for a preexisting sentence would altogether vitiate the intended coercive incentive to testify." See Thurmond, 534 F.2d at 42. If, on the other hand, the order was vacated because it improperly was entered, the order would be null and void, and petitioner would be entitled to sentence credit for the time that he had

3

served because, as the district court noted, "if a defendant is incarcerated pursuant to an improper or unjust order, then he should receive credit for the time served under that wrongful sentence."

None of our cases addresses precisely the question of whether the vacatur of a civil contempt order automatically renders the order null and void, or whether the reasoning of the court in removing the order should be considered. The Seventh Circuit, which is where the contempt order was entered and subsequently vacated, has held that, when a contempt order is vacated because it wrongfully was entered, the order is null and void, and the defendant should be given credit for his time served. See United States v. Slaughter, 900 F.2d 1119, 1126 (7th Cir. 1990) (persuasive authority). In that case, the petitioner argued that the civil contempt order against him, for "failure to 'submit to processing,'" improperly was entered because the government did not provide sufficient reasons to justify the use of a coercive contempt order, particularly since no law or regulation was cited that allowed the government to force all persons charged with a weapons offense to provide fingerprints, handwriting samples, and photographs, as was requested here. Id. at 1125-1126. The Seventh Circuit determined that, because the government had not demonstrated sufficient reasons for requiring the petitioner to submit to processing, the district court was unable to make "the findings of fact which form

4

the necessary predicate for a civil contempt order," thus necessitating vacation.  Id. at 1126.

Under the approach taken in United States v. Slaughter, we hold that the contempt order in this case was not void because, despite the fact that the court recited that the order was being vacated, the court actually lifted the order because it no longer was appropriate to incarcerate petitioner, not because the contempt order was improperly issued in the first instance.  In sum, petitioner was not entitled to sentencing credit since he was imprisoned pursuant to a valid civil contempt order.

AFFIRMED.[2]

---

[2]  Petitioner's arguments that the BOP's action denied him the equal protection of the laws (under the Equal Protection component of the Fifth Amendment) is frivolous and requires no comment.